UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,

    v.

G. BRACKETT, et al.,

    Defendants.

CASE NO. C08-1091 RAJ

ORDER

This is the undersigned judge's initial order in this action. This matter was transferred to the undersigned judge in January 2009 (Dkt. # 11), after it was transferred to the Chief Judge of the Western District of Washington in November 2008 (Dkt. # 8). Plaintiff Marvin Glenn Hollis has filed a complaint invoking 42 U.S.C. § 1983 against Defendants G. Brackett and D. Griffith (for whom Mr. Hollis does not provide first names), two correctional officers at High Desert State Prison, where Mr. Hollis is currently confined. Currently pending are Mr. Hollis's application to proceed in forma pauperis and a motion (Dkt. # 7) seeking several forms of relief, including return of his legal property and a temporary restraining order.

The court has reviewed Mr. Hollis's complaint and finds that it states a cognizable claim for relief. Mr. Hollis has presented a claim that is not patently frivolous or malicious, and the court has no basis to conclude at this time that the complaint fails to

ORDER – 1

state a claim upon which relief may be granted. For that reason, the court concludes that the complaint should not be dismissed in exercise of the court's obligation under 28 U.S.C. § 1915A to screen civil complaints from prisoners against government entities or government officers. In making this finding, the court in no way suggests that Mr. Hollis is likely or unlikely to prevail on the merits of his complaint.

The court has reviewed Mr. Hollis's application to proceed in forma pauperis and concludes that it meets the standards set forth in 28 U.S.C. § 1915. Mr. Hollis has submitted a declaration and other information necessary to assess his financial status, as required by 28 U.S.C. § 1915. Having reviewed that information, the court grants Mr. Hollis leave to proceed in forma pauperis. Prison officials have certified that, as of May 2008, both the average monthly deposits in Mr. Hollis's account and the average monthly balance in the six months preceding his application were zero. For that reason, Mr. Hollis shall not be required to pay an initial filing fee, nor shall the court issue an order requiring periodic payments from Mr. Hollis's account. The court orders Mr. Hollis to submit a second financial affidavit regarding the status of his account, including a new certification from prison officials regarding his account balance and account activity for the six months preceding the certification date. The court will use this information to determine if an order directing full, partial, or periodic payment of the $350 filing fee is necessary.

The court has reviewed Mr. Hollis's motion (Dkt. # 7) for return of legal property and other relief. This motion has not been served on any Defendant. The court concludes, after reviewing the motion, that it presents no claim for relief that would warrant action by this court in advance of proper service on Defendants. The court therefore DENIES the motion at this time, but notes that Mr. Hollis may renew the motion after Defendants have been served with summons and complaint in this action.

The court has also reviewed Mr. Hollis's requests for expedited screening of his complaint. (Dkt. ## 6, 10, 12). The court finds that this order moots those requests.

ORDER – 2

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff shall, within 30 days of the date of this order, submit a second financial affidavit and account certification from prison officials as described above, after which the court will determine if an order directing full, partial, or period payment of the $350 filing fee in this action is appropriate.

3. Service is appropriate for Defendants Brackett and Griffith. To the extent that Mr. Hollis has full names for either of these Defendants, he shall so state when he provides the documents described below to the court.

4. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed May 19, 2008.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each Defendant listed in number 3 above; and

    d. Three copies of the endorsed complaint filed May 19, 2008.

6. Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

//
//
//
//

ORDER – 3

7. Plaintiff's motion for return of legal property and other relief (Dkt. # 7) is denied without prejudice to renewing it after Defendants have been served.

DATED this 26th day of May, 2009.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4