HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,

    v.

G. BRACKETT, et al.,

    Defendants.

CASE NO. C08-1091RAJ

ORDER DIRECTING SERVICE BY UNITED STATES MARSHAL WITHOUT PREPAID COSTS

Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. By order filed May 27, 2009, the court determined that plaintiff's complaint states a cognizable claim for relief against defendants and ordered plaintiff to provide information for service of process on form USM-285, a completed summons, sufficient copies of the complaint for service, and a notice of compliance. Plaintiff has filed the required papers.

In addition, the court required Plaintiff to file supplemental financial information to permit the court to assess Plaintiff's ability to pay the filing fee and service costs in this matter. Plaintiff has complied with that order, and the supplemental information confirms that Plaintiff has neither existing funds in his prison trust account nor regular income. Accordingly, the court will not assess an initial partial filing fee (28 U.S.C. § 1915(b)). By separate order, the court will direct the California Department of Corrections and Rehabilitation to make deductions from Plaintiff's prison trust account to the extent possible in accordance with 28 U.S.C. § 1915(b)(2).

Accordingly, IT IS HEREBY ORDERED that:

ORDER – 1

1. The Clerk of the Court is directed to forward instructions for service of process, the completed summons, copies of the complaint, and copies of this order to the United States Marshal.

2. Within ten days from the date of this order, the United States Marshal is directed to notify defendants of the commencement of this action and to request a waiver of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c). The United States Marshal is directed to retain the sealed summons and a copy of the complaint in its file for future use.

4. The United States Marshal shall file returned waivers of service of summons and any requests for waivers that are returned as undelivered as soon as they are received.

5. If a waiver of service of summons is not returned by a defendant within sixty days from the date of mailing the request for waiver, the United States Marshal shall:

    a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections and Rehabilitation (CDC) to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.

    b. Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

ORDER – 2

1    6. Defendants shall reply to the complaint within the time provided by the
2 applicable provisions of Fed. R. Civ. P. 12(a).
3    7. Unless otherwise ordered, all motions to dismiss, motions for summary
4 judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55,
5 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local
6 Rule 11-110 shall be briefed pursuant to Local Rule 78-230(m).  Failure to oppose such a
7 motion timely may be deemed a waiver of opposition to the motion.  Opposition to all
8 other motions need be filed only as directed by the court.
9    8. If plaintiff is released from prison at any time during the pendency of this case,
10 any party may request application of other provisions of Local Rule 78-230 in lieu of
11 Local Rule 78-230(m).  In the absence of a court order granting such a request, the
12 provisions of Local Rule 78-230(m) will govern all motions described in #7 above
13 regardless of plaintiff's custodial status.  See Local Rule 1-102(d).
14    9. Pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003),
15 plaintiff is advised of the following requirements for opposing a motion to dismiss for
16 failure to exhaust administrative remedies made by defendant pursuant to non-
17 enumerated Rule 12(b) of the Federal Rules of Civil Procedure.  Such a motion is a
18 request for dismissal of unexhausted claims without prejudice.  The defendant may
19 submit affidavits or declarations under penalty of perjury and admissible documentation
20 to support the motion to dismiss.  To oppose the motion, plaintiff may likewise file
21 declarations under penalty of perjury and admissible documentation. Plaintiff may rely
22 upon statements made under the penalty of perjury in the complaint if the complaint
23 shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the
24 court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may
25 serve and file one or more affidavits or declarations by other persons who have personal
26 knowledge of relevant matters.  Plaintiff may also rely upon written records, but plaintiff
27 must prove that the records are what plaintiff claims they are.  If plaintiff fails to
28 ORDER – 3

contradict defendant's evidence with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides submit matters outside the pleadings, the court may look beyond the pleadings and decide disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's unexhausted claims will be dismissed without prejudice.

10. Pursuant to *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion is a request for an order for judgment in favor of defendants without trial.  A defendant's motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary

ORDER – 4

judgment granted.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion.  If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion.  If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

11. The court will strike any motion or opposition supported by unsigned affidavits or declarations.

12. Each party shall keep the court informed of a current address at all times while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  A notice of change of address must be properly served on other parties.  Pursuant to Local Rule 83-182(f), service of documents at the record address of a party is fully effective.  Failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

13. The Clerk of the Court shall serve plaintiff a copy of the Local Rules of Court.

14. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  Fed. R. Civ. P. 11; Local Rule 11-110.

DATED this 12th day of August, 2009.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5