1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

       Plaintiff,

    v.

G. BRACKETT, et al.,

       Defendants.

CASE NO. C08-1091RAJ

ORDER ON MOTIONS

This matter comes before the court on three motions from Plaintiff Marvin Glenn Hollis.  The first is a motion (Dkt. # 21) for return of legal material allegedly seized by officers at the prison where he is incarcerated.  The second (Dkt. # 25) is a motion for entry of default.  The third (Dkt. # 31) is a motion to amend his complaint.  In addition, Plaintiff filed an "objection" (Dkt. # 26) to the court's order setting a pretrial schedule.

As to Plaintiff's motion for default, the court DENIES it.  Plaintiff filed that motion on or about November 11, 2009, at which time Defendants' answer (Dkt. # 20) had been on file with the court for seven days.  The court need not determine why Plaintiff did not receive the answer sooner.  Plaintiff filed an unnecessary "response" (Dkt. # 29) to the answer on December 2, 2009, demonstrating that Plaintiff eventually received the answer.  Default is a strongly disfavored remedy, and the court will not enter default where Defendants have answered, even if the answer may have been untimely.

As to Plaintiff's motion to amend his complaint, Defendants have filed a statement of non-opposition, and the court accordingly GRANTS the motion and deems Plaintiff's amended complaint (Dkt. # 32) to be the operative complaint in this action.

ORDER – 1

1    Plaintiff's objection to the court's order setting a pretrial schedule is wholly

2    without merit.  Plaintiff objects that the court has somehow deprived him of his right to a

3    jury trial by declining to set a trial date at this time, and by allowing for dispositive

4    motions.  It is well-settled that a meritorious dispositive motion may lead to the

5    termination of a case without a trial, and that this in no way impinges on the Seventh

6    Amendment right to a jury trial.  Moreover, the court has discretion to set the trial date,

7    and will not revisit its decision to hold off on setting a date in this case until after

8    considering any dispositive motions.

9    Finally, the court turns to Plaintiff's motion for return of legal materials.  Plaintiff

10   filed this case against two Defendants, officers Brackett and Griffith.  So far as the record

11   reveals, neither of these Defendants had any role in the seizure of Plaintiff's legal

12   materials.  Moreover, there is no indication that the legal materials seized have prevented

13   Plaintiff from pursuing his claims in this action.  This lawsuit is a forum for resolution of

14   Plaintiff's claims against the Defendants, it is not an omnibus forum for Plaintiff to

15   resolve whatever grievances he may have against other prison officials.  If Plaintiff

16   contends that the seizure of legal materials is interfering with his ability to pursue *this*

17   action, then he may file a motion that specifically explains what materials were seized,

18   when they were seized, and how their return is necessary for him to pursue *this* action.  If

19   he does so, the court urges Defendants to file a response to that motion, or the court may

20   consider that failure to respond an admission that the motion has merit.  The court

21   DENIES the motion for return of legal materials currently before it, because it does not

22   explain how the seizure of materials has prejudiced his ability to pursue *this* action.

23   DATED this 1st day of March, 2010.

24

25

26   _____

27   The Honorable Richard A. Jones
     United States District Judge

28   ORDER – 2