HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,

    v.

G. BRACKETT, et al.,

    Defendants.

CASE NO. C08-1091RAJ

ORDER ON PRETRIAL MOTIONS

## I. INTRODUCTION

This matter comes before the court on six pretrial motions. In this order, the court GRANTS in part and DENIES in part Plaintiff's motion to compel the attendance of two inmate witnesses (Dkt. # 65), DENIES Plaintiff's motion in limine (Dkt. # 72), GRANTS in part and DENIES in part Defendant's motion in limine (Dkt. # 76), GRANTS Defendant's motion to bifurcate punitive damages (Dkt. # 75), DENIES Plaintiff's motion for law library access (Dkt. # 77), and DENIES Plaintiff's motion for extension of time (Dkt. # 71) as moot.

## II. MOTIONS IN LIMINE

**A.    Mr. Hollis's Motion**

Plaintiff Marvin Hollis raises three issues in his motion in limine. First, he requests that Officer J. Neves be required to testify in accordance with his November 8, 2007 incident report rather than the declaration he later submitted in this case. The court denies that request. Mr. Hollis is free to use Ofc. Neves's report or declaration to

ORDER – 1

impeach him when Ofc. Neves testifies at trial, but the court will not restrict Ofc. Neves's testimony. Mr. Hollis also requests an order prohibiting Defendant from relying on documents it did not produce during discovery. Mr. Hollis does not point to a single specific document that Defendant did not produce during discovery but intends to use at trial. It appears that since Mr. Hollis filed his motion, the parties reached agreement on what documents they will use as exhibits at trial. *See* Dkt. # 74 ("Final Exhibit List"). Mr. Hollis did not object to any document on which Defendant intends to rely. Accordingly, the court denies Mr. Hollis's request. If Defendant attempts to rely at trial on a document it did not produce during discovery, Mr. Hollis may object, but he must be prepared to point to the specific document request that would have required Defendant to produce the document in question.

Finally, Mr. Hollis makes a request that Defendant not present evidence that is "inconsistent to the holding in *Brodheim v. Cry*, 584 F.3d 1262 (9th Cir. 2009)." The court has no idea what this request means. *Brodheim* concerned whether threats that did not actually deter an inmate litigant could nonetheless be the basis of a retaliation claim. The court has no idea what evidence Defendant might present that bears on *Brodheim*, and the court must accordingly deny this request.

**B.     Ofc. Brackett's Motion**

Officer Brackett, the Defendant, also raises three issues in his motion in limine. First, he requests an order preventing Mr. Hollis from eliciting evidence regarding who would pay a judgment against him or informing the jury that the State of California would pay such a judgment. The source of funds from which a defendant will pay a judgment is ordinarily not relevant, and Mr. Hollis does not explain why it would be relevant in this case. The court thus grants this part of the motion. Mr. Hollis may not mention who will pay a judgment, or ask any witness about this issue. The court warns Ofc. Brackett, however, that if he or his counsel suggest that he is impecunious, lacks

ORDER – 2

1  resources to pay a judgment, or any similar argument, the court itself will inform the jury
2  that the State of California will pay any judgment against him.  The court therefore orders
3  that Mr. Hollis may not make argument or ask questions about who will pay a judgment
4  against Ofc. Brackett unless he raises the issue with the court outside the presence of the
5  jury, and the court gives him express authorization.

      Second, Ofc. Brackett asks the court to prevent Mr. Hollis from calling Rex Chappell as a witness.  Ofc. Brackett protests that Mr. Hollis did not disclose Mr. Chappell during discovery, and that he has had no opportunity to depose Mr. Chappell.  This is unpersuasive.  Mr. Hollis filed a declaration from Mr. Chappell as part of his opposition to Ofc. Brackett's summary judgment motion more than a year ago.  Dkt. # 50.  If Ofc. Brackett was unable to depose Mr. Chappell in the intervening year, that is Ofc. Brackett's fault.

      Mr. Hollis does not, however, offer any explanation of why he wants Mr. Chappell to testify.  Mr. Chappell's declaration (dated November 30, 2007) concerns events that took place after the events that are important in this lawsuit.  The declaration addresses prison officials restraining Mr. Hollis on November 9, 2007, as well as the placement of an allegedly soiled mattress in Mr. Hollis's cell.  The mattress at issue in this lawsuit was seized as evidence a day earlier.  Mr. Chappell's declaration makes no mention of Ofc. Brackett or any other officer involved in this case.  Because no one has established that Mr. Chappell has any relevant testimony, the court will not take measures to ensure that Mr. Chappell (who is apparently still an inmate) will testify.  Thus, while the court will not grant Ofc. Brackett's motion, Mr. Chappell will not testify at trial.

      Ofc. Brackett's final request is to exclude evidence and argument related to the claims that the court dismissed in its March 22 summary judgment order.  It does not appear that Mr. Hollis opposes this request, because he concedes that evidence related to

ORDER – 3

those claims is not relevant.  The court accordingly grants the motion.  Mr. Hollis shall not mention at trial the claims the court has already dismissed.

### III.  MOTION TO BIFURCATE

Ofc. Brackett requests that the court bifurcate the issue of punitive damages.  In essence, Ofc. Brackett asks for evidence and argument regarding punitive damages to be excluded until the jury first reaches a verdict on Ofc. Brackett's liability.  In the event that the jury finds Ofc. Brackett liable, the court would conduct a second phase of the trial where the jury would consider punitive damages.

Mr. Hollis offers no opposition to this motion other than his mistaken belief that it is untimely.  The court finds nothing wrong with Ofc. Brackett's decision to bring his motion to bifurcate as a motion in limine.  Ofc. Brackett timely filed his motion to bifurcate on the deadline for motions in limine.

The court grants Defendant's motion as follows.  The court will not permit any evidence or argument about the issue of damages, punitive or otherwise, until the jury first reaches a verdict as to Ofc. Brackett's liability.  If the jury finds Ofc. Brackett liable on Mr. Hollis's retaliation claim, then the court will immediately conduct a second phase of the trial before the same jury.  Mr. Hollis will present all evidence and argument on damages, including punitive damages, during this second phase.  If the jury finds Ofc. Brackett not liable for retaliation, no second phase will be necessary.  The court's initial instructions to the jury will inform them that there will be a second phase of the trial, but the court will not reveal the subject matter of the second phase to the jury unless the jury returns a liability verdict in Mr. Hollis's favor.

### IV.  MOTION TO COMPEL ATTENDANCE OF INMATE WITNESSES

Mr. Hollis asks the court to compel the attendance of Mr. Chappell and a witness he names only as "D. Cathren."  Both witnesses are, as far as Mr. Hollis knows, inmates in the California correction system.  The court has already addressed Mr. Chappell, and

ORDER – 4

will not compel his attendance at trial. Mr. Cathren, on the other hand, was Mr. Hollis's cellmate when the mattress allegedly containing a weapon was seized from their cell. Indeed, the weapon was found in the mattress that Mr. Cathren used. Mr. Cathren plainly has relevant testimony, and Ofc. Brackett does not argue otherwise. The court will therefore attempt to make arrangements from Mr. Cathren to appear at trial.

## V.  MOTION TO COMPEL LAW LIBRARY ACCESS.

Mr. Hollis has been denied physical access to the law library during a recent period of administrative segregation. Mr. Hollis has not, however, shown any prejudice. He has timely prepared every document necessary for this litigation. The uncontroverted evidence shows that prison officials have arranged for him to have access to library materials even while he cannot be physically present in the library. The court accordingly denies Mr. Hollis's motion. If he makes further motions for library access, he must show that he made a proper request for access for a reason pertinent to *this* case, that he was denied meaningful access (physical access is not always necessary), and that it prejudiced him in his ability to prepare for *this* case. The court will summarily deny any motion that does not comply with these instructions.

## VI.  MOTION FOR EXTENSION OF TIME

Finally, Mr. Hollis asks the court for an extension of time to prepare trial exhibits. It appears that this motion is moot, as Mr. Hollis has since submitted an exhibit list, and there is no indication of ongoing issues with his ability to make copies of those exhibits.

## VII.  CONCLUSION

The court directs the parties to continue preparing for trial in accordance with the court's May 25, 2011 scheduling order. The court extends the deadlines for trial briefs and the initial exchange of jury instructions until September 9, 2011.

As noted in the court's prior order, there are no courtrooms currently available for the October 3 trial date. The court will advise the parties in mid-September whether a

ORDER – 5

courtroom has become available, or whether it is necessary to continue the trial until early December.

DATED this 26th day of August, 2011.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 6