UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS, | No. 2:08-cv-1091 JAM KJN P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| G. BRACKETT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. On October 5, 2011, judgment was entered in favor of defendant Brackett, and plaintiff was taxed costs. (ECF Nos. 109, 118.) On April 8, 2013, the undersigned settled the issue of costs in addition to plaintiff's two other pending cases, including Hollis v. Gorby, No. 2:09-cv-1627 CKD P (E.D. Cal.).[1] (ECF No. 122.)

On July 30, 2018, plaintiff filed a motion for relief from judgment and for sanctions asserting that the terms of the settlement agreement were breached by officials at plaintiff's prison when they applied the award of costs in the instant action to plaintiff's trust account balance. Plaintiff seeks reimbursement of $27.00 for costs in preparing documents and postage fees, as well as sanctions in the amount of $1,000.00. (ECF No. 124 at 4.)

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

1

On July 20, 2018, plaintiff filed a similar motion in No. 2:09-cv-1627 CKD P, and defendants filed an opposition, and plaintiff filed a reply. <u>Id.</u> On October 30, 2018, the magistrate judge denied plaintiff's motion, finding as follows:

> Defendants admit that the amount awarded for costs in <u>Hollis v. Gorby</u> was applied to plaintiff's trust account, but that it was done so in error and has now been removed. Defendants point to evidence indicating the deduction for costs has been removed.
>
> Plaintiff agrees that the deduction for costs has now been removed from his trust account. However, plaintiff asks that unidentified "prison officials" be sanctioned for their failure to adjust plaintiff's trust account balance when they were informed by plaintiff that the settlement agreement in this action precludes a deduction for costs awarded in <u>Hollis v. Gorby</u>. Plaintiff fails to point to any authority in support of his request and the court notes there is no evidence before the court that any defendant or counsel for defendants caused the improper deduction, or failed to act with diligence in having the deduction removed once they became aware of it.

No. 2:09-cv-1627 CKD P (ECF No. 190 at 1-2). Indeed, as defendants' opposition confirmed, the bill of costs was deducted in error and was not due to any action or inaction of the individual defendants or their counsel, and has now been removed. <u>Id.</u> (ECF Nos. 188 at 3, 188-1 at 2, 5-6.)

Accordingly, for the reasons set forth in the October 30, 2018 order issued in No. 2:09-cv-1627 CKD P, IT IS HEREBY RECOMMENDED that plaintiff's motion for relief from judgment and for sanctions (ECF No. 124) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

////
////
////
////
////

2

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 6, 2018

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/holl1091.enf